UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM CATO SELLS, JR.,                 )<br>                                                             )<br>            Plaintiff,                              )<br>                                                             )<br>     vs.                                                )<br>                                                             )<br>ELDON K. McDANIEL, et al.,          )<br>                                                             )<br>            Defendants.                         )<br>_____)  | 3:04-CV-0566-LRH (RAM)<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Defendants' Motion for Summary Judgment filed on November 16, 2005. (Doc. #50.) Plaintiff opposed the motion (Doc. #53), and Defendants replied (Doc. #54). Also before the court is Plaintiff's Motion for Court Order Directed to Defendant McDaniel for Extended Legal Copy Access (Doc. #51) and Defendants' opposition (Doc. #52).

## BACKGROUND

Plaintiff filed a *pro se* civil rights complaint alleging Eighth Amendment violations against Defendants Eldon K. McDaniel and Jaqueline Crawford on October 1, 2004 in the Seventh Judicial District Court of Nevada. (Doc. #10.) Defendants removed the Complaint to federal court under 28 U.S.C. § 1441(a) and (b) shortly thereafter. (Doc. #2.) On November 22, 2004, Defendants filed a motion to dismiss. (Doc. #14.) The court granted the motion in part on the basis of qualified immunity and dismissed Plaintiff's claims for money damages against Defendants in their individual

capacities. (Docs. #22, 26.) The motion was also denied in part leaving Plaintiff's claims for declaratory and injunctive relief against Defendants in their official capacities. (Docs. #22, 26.)

## STATEMENT OF FACTS

Plaintiff is currently an inmate at Ely State Prison (hereinafter "ESP"). On April 14, 1994, Plaintiff was transferred from the Clark County Detention Center, where smoking is not allowed by inmates, to Southern Desert Correctional Center (hereinafter "SDCC"), where he was celled with an inmate who smoked. (Doc. #10.) Plaintiff was transferred to ESP on May 26, 1994, where he was celled with smokers on two separate occasions until he was finally moved to a single-cell unit. (*See id.*) On August 1, 1995, Plaintiff was transferred back to SDCC, and again celled with a smoker. (*Id.*)

On September 1, 1997, the SDCC medical department issued medical orders stating that it was medically necessary for Plaintiff to be housed in a non-smoking cell. (Doc. #10, Exh. 1.) Nevertheless, Plaintiff was moved from a non-smoking cell to a cell with yet another smoker on October 15, 1997. (Doc. #10.) Plaintiff filed an inmate grievance thereafter, which was granted and ordered Plaintiff to be moved back into a non-smoking cell. (Doc. #10, Exh. 2.)

Plaintiff was transferred back to ESP on June 17, 1998, where he resides up until the present and is classified as a High Risk Potential Inmate. (Doc. #10.) During this time at ESP, Plaintiff claims he has been moved between segregation units approximately every six months and he is "frequently being exposed to cells saturated with nicotine covered walls and ventilation ducts, and neighbors who cronically [sic] smoke, to which, that [second hand cigarette smoke] enters Plaintiff's segregation cell." (*Id.*)

On March 8, 2004, Plaintiff filed another inmate grievance. (Doc. #10, Exh. 3.) Plaintiff alleged he was being harmed by the second hand smoke entering his cell through the prison's ventilation system, and due to his High Risk Potential Status, he was more frequently housed in cells with nicotine covered walls and saturated ventilation systems. (*Id.*) The grievance was denied on its merits at each level of appeal. (*Id.*)

Plaintiff seeks declaratory judgment that Defendants have been deliberately indifferent to Plaintiff's present and future medical needs in violation of the Eighth Amendment by forcing him to

2

be exposed to second hand smoke. (Doc. #10.) Plaintiff also seeks permanent injunctive relief that would restrain Defendants and their successors from depriving him of a second hand smoke free environment. (*Id.*) Defendants' Motion for Summary Judgment argues that Plaintiff's Complaint should be dismissed because Plaintiff is unable to produce any evidence that their failure to provide a second hand smoke free environment has created an unconstitutional condition of confinement. (Doc. #50.)

## LEGAL STANDARD

A party may move for summary judgment under Rule 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those which would affect the outcome of the case under the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether there is no genuine issue on a material fact means that a rational fact-finder must not be able to find in favor of the nonmovant. *Id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In ruling on summary judgment, the court does not weigh the evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994).

Where the moving party does not bear the burden of proof at trial, as is the present case with Defendants, it must be shown that there is no genuine issue of material fact, *Celotex Corp.*, 477 U.S. at 323, on at least one of the essential elements of the other party's claim, *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986). This may be accomplished by either producing affirmative evidence to negate a material fact in the opposition's case, or by pointing out the absence of a genuine issue on a material fact in the opposition's case. *Celotex Corp.*, 477 U.S. at 325. In either instance, if the moving party meets his initial burden of production, the nonmovant who bears the ultimate burden at trial "must set forth specific facts showing that there is a genuine issue for trial[,]" Fed. R. Civ. P. 56(e), and may not rely on mere allegations. *Anderson*, 477 U.S. at 248.

///

## **DISCUSSION**

It should be noted at the outset that because Plaintiff is an inmate appearing pro se, the court will construe his pleadings and motions liberally, and afford him the benefit of any doubt in this motion for summary judgment. *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999). Nevertheless, the court will not consider the new claims that Plaintiff raises in his Opposition to Defendants' Motion for Summary Judgment. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Claims regarding the alleged illegality of an "enhanced" sentence and the overbreadth, vagueness, and discriminatory nature of Administrative Regulation 115 will not be considered. *Id.*

Also, to the extent that Plaintiff makes his fourth motion for appointment of counsel in his Opposition, the court denies that request. Plaintiff has no right to an appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Generally, courts will only appoint counsel in civil matters when exceptional circumstances exist. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Plaintiff only argues that counsel should be appointed since he is in prison and needs someone to conduct discovery for him. This reasoning is insufficient because it does not demonstrate exceptional factors. Every inmate appearing pro se experiences this same difficulty. *See Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

A.  Defendants' Motion for Summary Judgment

It is cruel and unusual punishment to house an inmate in an environment that exposes him to such a level of second hand smoke or environmental tobacco smoke (hereinafter "ETS") that it poses an unreasonable risk of serious damages to his present and future health. *Helling v. McKinney*, 509 U.S. 25, 35 (1993). This standard is comprised of two distinct components. The first prong of the Eighth Amendment is objective, and asks whether the inmate is being exposed to levels of ETS that pose an unreasonable risk of serious damage to his present or future health. *Id.* The second prong requires a culpable state of mind of deliberate indifference. *Id.* at 36. An Eighth Amendment claim may also be made out by certain people who are exposed to ETS and have a sensitivity to ETS due to a pre-existing condition. *See Franklin v. Oregon*, 662 F.2d 1337, 1346-47 (9th Cir. 1981).

(1) Objective Prong: Unreasonable Risk of Serious Damage

Defendants claim that summary judgment should be granted in their favor because there is no evidence that Plaintiff is being exposed to an unreasonable amount of ETS. (Doc. #50.) Plaintiff argues that because Defendants do not have any evidence that there are *not* high levels of ETS, the court should "resolve the ambiguity" in Plaintiff's favor. (Doc. #53.) Plaintiff's argument misses the point. To begin with, the court will not presume that Plaintiff is exposed to unreasonably high levels of ETS or that Plaintiff's present or future health is at serious risk. The *claimant* must "prove his allegations, which will require him to prove both the subjective and objective elements necessary to prove an Eighth Amendment claim." *Helling v. McKinney*, 509 U.S. 25, 35 (1993).

Since Defendants do not bear the ultimate burden of proof at trial, they are only required to show on a motion for summary judgment that there is no genuine issue of material fact on at least one of the essential elements of Plaintiff's Eighth Amendment claim. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986). Defendants may do so by producing affirmative evidence in the form of declarations or affidavits, for example, to negate a material fact in Plaintiff's case or by pointing out the absence of a genuine issue on a material fact in Plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If Defendants are able to complete that task in their Motion, then it is Plaintiff who "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Bald allegations will not suffice. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

While the crux of Plaintiff's claim is that his present and future health is at risk because the prison cells and air ducts are "saturated" with ETS, Plaintiff offers no proof to that effect. Courts will accept a complaint's allegations as true on a motion to dismiss. *Pelletier v. Fed. Home Loan Bank of San Francisco*, 968 F.2d 865, 872 (9th Cir. 1992). When facing a motion for summary judgment, however, the nonmoving plaintiff must supply affidavits containing admissible evidence that shows a genuine dispute of material fact. *Id.* Thus, in the context of the Eighth Amendment, the claimant must show "the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS," and "whether society considers the risk that the prisoner complains of to

5

be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original).

Here, Plaintiff alleges in his own conclusory affidavit, *see United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999), that he suffers from sinus problems, headaches, and nose bleeds from the inmate who smokes three cells down. There are no medical records or kites to substantiate those claims, however, or to even show that Plaintiff ever saw the prison medical staff for any ETS related problems. *See, e.g.*, *Oliver v. Deen*, 77 F.3d 156, 160-61 (7th Cir. 1996) (noting that although summary judgment was properly granted for the prison officials, the inmate had at least shown through medical records that he was a mild asthmatic and used a prescribed inhaler); *Talal v. White*, 403 F.3d 423, 427 (6th Cir. 2005) (stating that the inmate had medical evidence of an ETS allergy causing dizziness and sinus problems). Even so, the court cannot say that an inmate three cells away from Plaintiff who smokes an unknown quantity of cigarettes per day creates an unreasonable level of ETS, *see, e.g.*, *Helling*, 509 U.S. at 28 (noting plaintiff inmate was forced to share a cell with a five pack per day smoker); *Kelley v. Hicks*, 400 F.3d 1282, 1285 (11th Cir. 2005) (refusing to consider an inmate's bare allegations that other inmates' smoking and the prison's poor ventilation system created an Eighth Amendment violation), especially since there is no evidence that Plaintiff is particularly sensitive to ETS.

Defendants, on the other hand, have presented several affidavits to the court on the unremarkable nature of Plaintiff's medical history and the operation of the prison ventilation system.[1] The history of medical kites and examinations are devoid of any complaints, diagnoses, or treatments relating to ETS associated problems. (Doc. #50, Exhs. A, B.) In fact, at the most they show Plaintiff's objection to ETS stems from a dislike of smoke and the fact that Plaintiff is a former smoker.

---

[1] Plaintiff challenges the Defendants' affidavits for their alleged bias and lack of appropriate qualifications. (Doc. #53.) Plaintiff has no evidence that Ms. Walsh or Dr. MacArthur are actually biased, however. Plaintiff also fails to recognize that Mr. Walsh may give a statement on Plaintiff's medical history given that her job is essentially that of a custodian of records as the prison's health information director. (Doc. #50, Exh. A.) Likewise, Dr. MacArthur is a licensed physician who personally examined Plaintiff (Doc. #50, Exh. B), and Mr. Stenek's is a facility supervisor of ESP with personal knowledge regarding the operation of the prison's air supply and ventilation systems(Doc. #50, Exh. C).

6

(Doc. #50, Exh. A at p. 4 Doc. #50, Exh. B at pp. 1, 3; *see also* Doc. #38.) Defendants also obtained the affidavit of a facility supervisor at ESP that states that the prison's cell air supply and ventilation systems are separate units that minimize the air flow between cells, and are also equipped with one-way directional fans that circulate air within individual cells. (Doc. #50, Exh. C; *see also* Doc. #53 (stating in his own affidavit that Plaintiff has seen prison personnel cleaning the air ducts in cells).)

Plaintiff's allegations and self-serving affidavit fail to create a genuine issue of material fact given the affidavits of Ms. Walsh, Dr. MacArthur and Mr. Stenek. There is simply no proof that Plaintiff is exposed to unreasonable levels of ETS or that his present or future health is at risk. Because the uncontroverted evidence regarding the objective prong of the Eighth Amendment lies in Defendants' favor, summary judgment should be granted.

(2) Subjective Prong: Deliberate Indifference

The second prong of an Eighth Amendment claim requires that prison officials acted with deliberate indifference, which is determined by their "attitudes and conduct . . . ." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). The claimant must show something more than a mere "'ordinary lack of due care for the prisoner's interests or safety[,]'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)), but may show less than "acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Simply put, "the official [must] know[] of and disregard[] an excessive risk to [an] inmate['s] health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

///
///
///
///
///
///
///

7

Plaintiff was given a medical order for a non-smoking cell in September 1997 (Doc. #10, Exh. 1), which has been honored by prison officials at SDCC and ESP.  Indeed, when Plaintiff was moved to a cell with a smoking roommate in October 1997, Plaintiff filed a grievance that was granted within two weeks and called for Plaintiff's removal from the cell that very day. (Doc. #10, Exh. 2.)  Moreover, there is no allegation or evidence that Plaintiff was forced to live with another smoker since he arrived at ESP.  The court cannot say that Defendants have known of yet disregarded a serious risk to Plaintiff's health under these facts.

Likewise, the court cannot find that Defendants have been deliberately indifferent to Plaintiff's health by refusing to create an entirely smoke-free prison wing.  There is no evidence that the wing Plaintiff is housed in has unreasonably high levels of ETS and there is no evidence that Plaintiff is suffering from any particular ailments related to ETS.  Put otherwise, there is no serious risk of which Defendants are even aware.  Therefore, Defendants' Motion for Summary Judgment should be granted because there are no genuine issues on any material facts.

B.  Plaintiff's Motion for Extended Legal Copy Access

Plaintiff's Motion for Extended Legal Copy Access requests that the court order Defendants to transfer one hundred dollars from his savings account into legal copy account. (Doc. #51.) Plaintiff has apparently prepared a motion to compel discovery under Federal Rules of Civil Procedure 16, 26, and 37, and needs extra money in order to attach four exhibits thereto. (*Id.*)  Although Defendants do not oppose the motion (Doc. #52), the court finds that Plaintiff's motion is moot because Defendants' Motion for Summary Judgment should be granted.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the District Judge enter an order **GRANTING** Defendants' Motion for Summary Judgment. (Doc. #50).

**IT IS FURTHER RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's Motion for Court Order Directed to Defendant McDaniel for Extended Legal Copy Access. (Doc. #51).

///

The parties should be aware of the following:

1.  That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED:   July 5, 2006.

_____
UNITED STATES MAGISTRATE JUDGE